## BILICH v. TEMPLEMAN BROS., Inc.
### No. 16166.

Court of Appeal of Louisiana. Orleans.
Dec. 2, 1935.

Maurice B. Gatlin, of New Orleans, for appellant.

A. S. Cain, of New Orleans, for appellee.

WESTERFIELD, Judge.

Defendant appeals from a judgment against it in the sum of $102.55, awarded

plaintiff as damages to his motortruck which the trial court held to have been occasioned by the negligence of defendant's servant.

Plaintiff, in charge of his truck, drove up an inclined roadway used by vehicles in leaving the Algiers side of the Jackson avenue ferry landing, after having crossed the Mississippi river on the ferry. As he reached a point about midway of the incline, defendant's truck, driven by John Taylor, its employee, lost its forward motion and rolled backward upon plaintiff's truck, inflicting the damage for which this suit is brought.

Defendant's servant is charged with negligence because of his failure to stop his truck before striking plaintiff's truck, which was from eight to ten feet behind it. If his brakes were in good condition, he should have stopped, it is said; and if otherwise, he should not have driven it at all.

Defendant blames plaintiff for the accident because he followed its truck too closely and cites the Highway Act (Act No. 21 of 1932), reading as follows:

"The driver of any motor truck, when traveling upon a highway outside of a business or residential district, shall not follow another motor truck within one hundred (100) feet, but this shall not be construed to prevent one motor truck overtaking and passing another." Section 3, rule 8 (b).

We do not believe the quoted provision of the highway law to be applicable here. It would be most unreasonable, in the first place, to require each vehicle to keep a distance of 100 feet behind the one ahead when going up the ferry-landing incline. Moreover, an inclined roadway leading to a ferry landing and used for ingress and egress of vehicles boarding and departing from a ferry is not a "highway outside of a business district." Nor do we believe it negligence, per se, for one vehicle to follow another up the ramp, when leaving the ferry at a distance of 8 or 10 feet. Under all ordinary circumstances this distance would be safe enough. Vehicles moving along a ferry ramp starting from a standstill on the ferry necessarily go quite slowly for a short distance, and it is not reasonably to be expected that one ahead will stall or slip and roll backwards 6 or 8 feet. When it does, there is reason to be-

lieve that its operator was guilty of negligence in that he failed to have the proper control over his vehicle, because, when going very slowly, the sudden stopping of the engine resulting in loss of power should not result in anything more than the loss of momentum, or a slight backward movement, before the truck is brought to a standstill with the brakes, which should be adequately adjusted for such an emergency. If his brakes were in good condition, he should have stopped his truck, and, if in bad condition, he should not have driven it at all.

Our conclusion is that the judgment appealed from is correct, and it is therefore, for the reasons assigned, affirmed.

Affirmed.