## MARTIN et al. v. BREAUX.

### No. 1567.

Court of Appeal of Louisiana.
First Circuit.

Feb. 20, 1936.

Peltier & Lafargue, of Thibodaux, for appellant.

Howell & Deramee, of Thibodaux, for appellees.

DORE, Judge.

This is a suit sounding in damages wherein the plaintiffs W. S. Martin and L. A. Borne seek to recover the sums of $433.25 and $289.90, respectively, from the defendant, for personal injuries arising out of an automobile accident on June 5, 1934. There was judgment in favor of plaintiffs in the respective sums of $308.25 and $120.90. Defendant prosecutes this appeal.

The defendant was driving his Ford car, north, on the paved highway leading from Raceland to Thibodaux; he was going at a moderate rate of speed as he approached a large open space in front of a Catholic church near Raceland. As he approached the south limits of the open space in front of the church, he was going or traveling at some 8 or 10 miles per hour. The plaintiffs, in Mr. Martin's car, Mr. Borne driving, were going north, following the

defendant; plaintiffs were traveling at a speed, say, of some 55 miles per hour. When plaintiffs were about 100 feet from defendant's car, the driver of the car blew the horn of the car and gave the proper warning to defendant of their approach. Defendant contends that he did not hear the said warning given by plaintiffs. Be that as it may, plaintiffs testified that the warning was given, and that testimony was believed by the lower court, and we cannot say that he erred. When plaintiffs reached within 40 feet of defendant, the driver of plaintiffs' car attempted to swerve to his left in order to pass the defendant, at which time the defendant then swerved his car to the left in the attempt to go upon the open space in front of the church; he (the defendant) giving no warning whatsoever to the plaintiffs of his desire to so do. Plaintiff Borne, the driver of the car, then, in order to avert a collision, an emergency being presented to him, elected to drive unto the open space, and in his attempt to avert the collision he crashed into a fence, causing the damages to plaintiff Martin's car and personal injuries to both plaintiffs.

It is admitted by the attorneys representing both plaintiffs and defendants, and a fact commented upon by the trial court, that all parties involved in this accident attempted to testify to the truth.

Both plaintiffs are positive that defendant gave no signal by hand or otherwise that it was defendant's intention to make a left turn; this is admitted partly by the defendant. Defendant had a mirror, or should have had one in order to see that no one in the rear was approaching him. It was his duty to see that no one was approaching from the rear before attempting a left turn; it was incumbent upon him to see that he could make this left turn in safety, or, otherwise, he should have waited until it was safe to do so. Act No. 21 of 1932, § 3, rule 10, subdivisions (a), (b), required that of him.

The next serious point in controversy is as to whether or not the defendant had actually swerved his car to the left when he perceived the danger. The plaintiffs are positive that the defendant did swerve his car to the left after plaintiffs' warning of their approach; defendant says to the contrary; but the district judge who heard the testimony agreed with the plaintiffs, and we cannot say that he erred, but, on contrary, we approve the finding of fact on that score. The testimony strikes us to the effect that the defendant had started a left turn, and then, sensing the danger, attempted to right his car again and which placed his car in the position in which it was found after the accident.

Having reached the conclusion that the defendant was negligent, we now pass to the question of the negligence, if any, of the plaintiffs.

Defendant argues two charges of negligence against plaintiffs. Borne, one of the plaintiffs, was the driver of the car; Martin, the other plaintiff, was the owner of the car, and in the car at the time of the accident. It is charged that Borne was driving recklessly and did not have his car under such control as to avoid the accident, and that he is an avowed reckless driver having had some eleven prior accidents.

We shall discuss the said charges in reverse order. As to charge of Borne being reckless, having had eleven accidents, we find it without merit. There is no evidence tending to establish this fact, save the vague testimony of defendant. Plaintiff Borne has, according to his testimony, carried public liability insurance, and neither he nor his insurer have been called upon to pay any damages in any one accident in which he was involved.

We now pass to the reckless driving of Borne, and his not having his car under such control so as to avoid the accident. Whilst it may be true that at times when there are services going on at a church, especially on Sundays, there would be many people traveling in and out of that open space in front of the church, and an auto driver therefore would be held to greater accountability in passing there, there is yet nothing to show in the evidence that on the day and hour of this accident that there were any services, or otherwise, going on at the church which required the plaintiffs to exercise any greater degree of care than at any other point on the road.

Whilst it is true that, had Borne been traveling at, say, 25 to 30 miles per hour, he might have been able to stop his car before running into the fence and thence into the graveyard, yet there is no reason why we should hold him to a speed of that rate rather than the one he admits that he was traveling. The law imposes no duty as to speed, save that the driver

must have "due regard to the traffic, surface and width of the highway, the location and neighborhood, and any other conditons or circumstances then existing," etc. Act No. 21 of 1932, § 3, rule 4.

Counsel for defendant cites and argues that section 3, rule 7, subdivision (c) of Act No. 21 of 1932, is controlling in this case. The same provided that, whenever an automobile driver attempts to overtake another, then, "whenever an accident occurs under such circumstances, the responsibility therefor shall rest prima facie upon the driver of the vehicle doing the overtaking or passing." On that score, the lower court rules as follows: "The law imposes specific duties upon the overtaking car and, if an attempted 'passing' results in an accident, places the responsibility prima facie upon the overtaking driver. But a prima facie responsibility only persists until such time as the exhibition and analysis of the actual facts and circumstances discloses the person or persons who may be actually responsible. In that event, regard is had to the actual responsibility, and the prima facie responsibility ceases to control eventual conclusions that are properly and legally justified by the actual facts, actions and circumstances."

Corpus Juris, vol. 49, p. 1346, defines "Prima Facie" as follows: "Latin words, which have, by long usage, become a part of the English Language, and the meaning of which is readily understood by a person of common understanding. They are words of very common use in the courts and in newspaper reports of judicial decisions. They import that the evidence produces for the time being a certain result; but that result may be repelled. They have been defined as meaning apparent; as it first appears; at first sight; at first view; on its face; on the face of it; on the first appearance; presumably; so far as can be judged by the first disclosure."

Applying the definition as given above, we see no error in the ruling of the court below. As we appreciate the testimony in this case, Borne did not expect a sudden turn to the left by the defendant; there was nothing extraordinary to have compelled him to drive any slower than he was at the time of the accident; his speed cannot be said to have been the cause or a proximate cause of the accident. He has rebutted, by competent evidence, his responsibility for the accident. The trial judge was correct in holding him free of any negligence.

On the other point raised by defendant to the effect that Borne might have avoided the accident by continuing on the lefthand side and in a straight line, and not swerving towards the open space in front of the church, we say, confronted by an imminent peril created by the defendant, even though he used bad judgment, and failed to select the better of the two courses he had to follow, that in law we will not hold him negligent for that reason alone.

The district judge seems to have given the case more than usual consideration and has taken trouble to go into great detail on every point and issue raised. His familiarity with the locus and with the principals involved as parties to this suit gave him a great advantage in passing on the questions of fact, especially, and, as the decision largely depends on the facts, it has not been shown that he has manifestly erred.

The quantum of damages as allowed in the judgment is not seriously contested. Plaintiffs made full proof of their actual damages suffered. The district judge allowed Mr. Martin the sum of $125 and Mr. Borne the sum of $100 for their pains, shock, and sufferings. We cannot say that the allowances are excessive.

Judgment affirmed.

OTT, J., not participating.