REGAN, Judge
(dissenting).
In my opinion the only question posed for our consideration was one of law— that is, whether the general rule of law, or the classic exception thereto, should be applied to the facts herein as disclosed by the record?
The majority opinion has chosen to apply the general rule of law which has several variations, but in substance it is essentially this:
“ * * * the driver of a motor vehicle has the right to follow a vehicle in front of him at a reasonably safe distance, and the mere fact that one vehicle is moving in close proximity to, and keeping up with, another does not of itself constitute negligence or negligence per se; but ordinarily it is the duty of the driver of the rear vehicle to keep such distance from the vehicle ahead as to enable him to meet the ordinary movements of other vehicles using the highway and to avoid possible injury. It has-been held that iio absolute rule can be laid down with respect to how closely an automobile may follqw another vehicle in the absence of any fixed distance prescribed by statute or other regulation, but the space which must be maintained between the two vehicles is to be determined according to the standard of reasonable care, taking into consideration all the surrounding circumstances, including such matters as the locality, road conditions, weather conditions, traffic conditions, the character of the vehicle being driven and of the vehicle ahead, and the speed at which the vehicles are proceeding.” 60 C.J.S., Motor Vehicles, § 323 b. ■
See Leon v. Neal, La.App., 34 So.2d, 276; McDaniel v. Capitol Transport Co., La.App., 35 So.2d 38; Billich v. Templeman Bros., La.App., 164 So. 261; Burns v. Evans Cooperage Co., 208 La. 406, 23 So.2d 165; Blashfield’s Cyclopedia of Automobile Law, Volume 1, Section 29, page 454.
The court in applying this general rule to the facts herein has held that while Bar-rosse was obviously negligent in failing to properly secure the hood of his vehicle, LeBlanc was contributorily negligent in maintaining an interval of “13 feet” between the two vehicles, which negligence was the proximate cause of the accident and, therefore, operates as a bar to the recovery of property damage incurred to his automobile by virtue of the collision with the Barrosse vehicle. Quere: If an interval of 80 feet had been maintained by Le-, Blanc, between the vehicles, would he then have been guilty of negligence? I shall discuss the answer to this question hereinafter.
It is my considered opinion that the facts disclosed by the record herein requires the application of the well-recognized and classic exception to the general rule' of law, i. e.:
“The operator of the car behind is not, on the other hand, under a duty to be prepared for movements or changes of direction of the car ahead which could not reasonably be anticipated, and is not bound to anticipate that the vehicle ahead of him will, suddenly *891 and without warning, turn across .'or obstruct his path. The operator of the following vehicle confronted with a sudden and unexpected maneuver of the forward car is not held to the same burden of avoiding a collision or other accident as a person who has had time for deliberate action, and, in case of a sudden emergency not due to his own fault, he is not required to pick and choose nicely and weigh correctly the means of avoiding the imminent danger. The driver of the following vehicle has the right to rely on compliance, by the driver of the vehicle ahead, with laws and regulations with respect to the use of the road, such as that the driver of the leading vehicle give timely warning,, by an appropriate signal, of his purpose to stop or decrease the speed of his car or to turn. * * *” 60 C.J.S., Motor Vehicles, § 323 a.
See Martin v. Breaux, La.App., 165 So. 743; Adams v. Morgan, La.App., 173 So. 540; Monroe Hardware Co. v. Monroe Transfer & Warehouse Co., La.App., 167 So. 498; Alengi v. Hartford Accident & Indemnity Co., La.App., 167 So. 130; Blashfield’s Cyclopedia of Automobile Law, Volume 1, Sec. 942; Berry on Automobiles, 6th Div., Vol. 1, Section 1034, page 870.
The space should be sufficient to enable the operator of the car behind to avoid danger in case of a sudden stop or decrease in speed by the vehicle ahead tmder circumstances which should reasonably be anticipated by the following driver. However, the negligence of the operator of the car behind is not established by the mere fact of running into the car ahead of him when that car stops suddenly, and he is not negligent in striking the forward vehicle where the emergency causing such vehicle suddenly to stop was created by the forward motorist’s negligence and no condition rendering it necessary for him to stop quickly and withoiit giving proper signal existed. McDaniels v. Capitol Transport Co., supra; Vienne v. Chalona, La.App., 28 So.2d 154; Weitkam v. Johnston, La.App., 5 So.2d 582; Stromer v. Dupont, La.App., 150 So. 32; Hill v. Knight, La.App., 163 So. 727; Leon v. Neal, supra.
The negligence of LeBlanc was not established by the mere fact that he maintained an interval of “13 feet” between the two vehicles, whose respective speed was conceded to be moderate, and of subsequently running into the rear of the Bar-rosse vehicle when that car stopped suddenly; and LeBlanc was not negligent in striking the Barrosse vehicle where the so-called emergency which caused Barrosse to abruptly apply his brakes and stop, as he testified, within “ten feet” was created by Barrosse’s absolute negligence in failing to properly secure the hood of his automobile.
I do not think that the facts disclosed by the record in this case required any anticipation on the part of LeBlanc relative to the gross negligence of Barrosse in abruptly stopping his car when the hood was blown therefrom. In fact, Barrosse was guilty of two gross acts of negligence, i. e., the failure to properly secure his hood and his abrupt stop without manifesting a warning signal of any kind. T am thoroughly convinced that if' Barrosse had observed one of several rules of the road available to him, such as slowly bringing his car to a stop, pulling over to the right curbing of the roadway, looking into his rearview mirror, or holding out his left hand as -a warning signal, LeBlanc could easily have avoided .the- collision.. Furthermore, I am of the opinion that the result reached in this case is diametrically opposed to-that appearing in Hill v. Knight, supra, a case remarkably similar to this one, wherein the exception to the general rule of law was applied.
■ In the Hill case two vehicles were proceeding out Centenary Boulevard in the City of Shreveport, at a reasonable speed of about 20 miles per hour, the truck leading and the coupe, driven by plaintiff, following at a distance of about 15 feet. A boy walking on the sidewalk to the right and on the, lookout for a ride, saw the truck -pass and called to the driver, who *892 abruptly and without signal or warning applied his brakes .and came, to a sudden stop. Though plaintiff’s car' was equipped with hydraulic brakes, in good condition, which he immediately applied, he could not avoid running' into the rear of the truck. Besides using the brakes, plaintiff attempted to cut to the left and pass the truck, which was traveling some 6 or 8 feet from the curb, but was prevented from doing so by on-coming traffic. There was no impediment or situation to suggest a sudden stopping of the truck. The court was of the opinion that:
“We recognize and approve the rule of law that a following driver should drive at such a speed and maintain such an interval that he can avoid collision with the leading car, under circumstances which should reasonably be anticipated by him. We do not think the established facts in the instant case called for any anticipation on the part of plaintiff of the gross negligence of defendant’s driver in abruptly stopping his truck, without any signal or conduct suggesting such action or any apparent circumstance calling for it.”.
It is interesting to observe that some of the decisions emanating ■ from the appellate courts of this State, which conceived and applied the general rule of law hereinabove referred to, and predicated its- application on the fact that the plaintiff or the defendant, as - the case may be, maintained an interval or space between the vehicles of 10, 15, 20 or 25 feet and which constituted negligence, did so when automobiles had not attained their present state of improvement and there existed, relatively speaking, no congestion of automobile traffic. Whereas, for some years now, automobiles have occupied a mechanical status of relative perfection and motorists are confronted with almost an insurmountable congestion of automotive traffic. However, this general rule is still applied by courts by virtue of the doctrine of stare de-cisis, although the reason therefor, in many cases, is nonexistent, or, at least, should be modified. In order for traffic to move- rapidly and efficiently through the business area of a large city, every layman has observed, as a matter of public policy, the necessity of automobiles moving in very close proximity to each other. Quere: Does this constitute negligence per se? In my opinion, that is exactly what the majority of the court, in applying the general rule of law to the facts of this case, has held. If so, then practically every motorist who operates an automobile in the congested business district of New Orleans is guilty of negligence under the existing circumstances.
While the record does not reveal the exact speed at which both of these vehicles were traveling, the testimony appearing in the record to the effect that the speed of both vehicles was modemte, is uncontra-dicted. Arguendo, I will assume that their respective speed was approximately 25 miles per hour, therefore, in order for Le-Blanc to have maintained a scientifically safe distance between his vehicle and that of Barrosse, the interval separating the cars would have had to be 86.8 feet on a dry roadway, because that is the total braking distance required to stop at a speed of 25 miles per hour. The reaction time or the distance which a' vehicle travels before the brakes are applied is 36.7 feet, and the distance which a vehicle travels after the brakes are applied is 50.1 feet. The foregoing figures are well established as scientific facts and are readily available to anyone through the medium of scientific journals devoted to a discussion of the automotive vehicle, or the legal cyclopedias of automobile law. In view of the foregoing special facts and the exigencies created by our urban civilization can we, therefore, continue to insist that motor vehicles traveling at a speed of only 25 miles per hour must maintain an interval or distance between them of 86.8 feet in order to avoid being guilty of negligence when the following car runs into the rear of the leading car?
I am of the opinion that the courts should analyze the merits of each case individually, and then consider in connection therewith the immense scientific improvements of the *893 motor vehicle, the changing traffic condi tions and thus modernize antiquated rules embedded in our' jurisprudence relative to the negligent operation of motor vehicles.
Dean Pound once observed — “Let us bestir ourselves to the end that taught law be that of living tissue and not that of dead fibre.” Another shortcoming, said he— “Was undue servitude to the bondage of precedent, a fetish of immutability.”
As a parting injunction to the legal profession Walter Clark, Chief Justice of the North Carolina Supreme Court in 1902, said:
“The law should express the best sentiments of the age. It should move because all the world beside is moving. We should move up abreast of our age and not take our seats by the abandoned campfire of generations gone before.”
I am of the opinion that the judgment should be affirmed and, therefore, I respectfully dissent.