Plaintiff's automobile, a Chevrolet sedan, was somewhat violently rammed from the rear by the Ford coach of Mrs. Moses S. Martin, while traveling easterly on the bridge over Red River between the City of Shreveport and Bossier City, Louisiana. Both cars were damaged. Plaintiff's car was being driven by himself and Mrs. Martin's car was being operated by her son and agent, James W. Neal. The accident occurred about 1:30 A.M., January 3, 1947. Plaintiff sued for estimated cost of repairing his car and charges, in general terms, that the collision occurred because of the negligence of Neal, but specific acts of negligence are lacking. Neal and his mother are impleaded as defendants.
The defendants deny that the collision occurred from any act of negligence on the part of Neal and attribute same solely to the carelessness and negligence of plaintiff, himself. They aver that both cars were traveling at a moderate speed, about forty feet apart while crossing the bridge on a slight down-grade; that plaintiff, without signal or warning, suddenly applied his brakes and came to a stop against the edge of the sidewalk on the south side of the bridge used exclusively by pedestrians; that due to the short distance between the cars and ice on the bridge's surface, Neal failed in his effort to stop his car in time to avert the collision. Defendants reconvened and sued plaintiff for the amount expended to repair the car.
[1] The lower court rejected the demands of all parties, giving brief written reasons therefor. Plaintiff, only, appealed. As defendants did not appeal and have not answered the appeal perfected by plaintiff, the judgment rejecting their reconventional demand cannot be considered here.
After summarizing the pleadings and the facts, the trial judge assigned the following reasons to support his judgment, to wit:
"The evidence leaves in doubt the question of whether or not plaintiff's car had stopped or merely had slowed down. Plaintiff says that he slowed the car to see about his lights. Whether or not he had entirely stopped or simply had slowed the car down, it is my opinion that it was negligence on his part to do this without giving any warning of his intention. I am also of the opinion that the defendant's negligence in not having his car under such control that he could stop it in time to *Page 278 
avoid an accident, contributed to the happening.
"My conclusion therefore, is that the accident and resulting damage was caused by the combined, concurrent negligence of the drivers of both cars, which continued down to the time of the collision, and in this situation neither party can claim any award from the other."
There were no witnesses to the accident save the two drivers. The only material conflict in their testimony relates to the position of plaintiff's car when rammed. Plaintiff admits he was reducing his speed — slowing down — preliminary to stopping in order to determine if his lights were burning. Neal is positive plaintiff had stopped his car suddenly. Plaintiff does not contend that he gave any signal of his intention to stop or to slow down. The locus was well lighted. Visibility was very good.
[2, 3] As found by the lower court, plaintiff's action in failing to give a signal or warning of his intention to slow down and ultimately stop, even though he had not come to stop completely, clearly was an act of negligence. The rule of the road applicable to motor travel in a city or town is equally applicable to traffic upon a bridge of the character and location as that whereon the accident occurred.
Defendant Neal testified, and he is not contradicted by plaintiff, that simultaneously with plaintiff stopping his car, he, Neal, was forced to pull his own car to his right in order to avert a head-on collision with a car coming toward him from the east; that this shift in position placed his car upon ice that had accumulated along the side of the pedestrian walk; that due to the presence of the ice his brakes were not as effective as they would otherwise have been, and for this reason he was unable to stop his car before running into that of plaintiff.
[4] Plaintiff argues that Neal was traveling too close to him. We do not think so. A motorist traveling in a city, town or over a bridge on which traffic is heavy, violates no law by following another motor vehicle at a distance of forty feet, or thereabout. If this were not true, it is obvious that the rapid progress of such motor traffic would be unreasonably retarded with resulting congestion.
[5] Plaintiff cites and quotes from cases wherein the sudden emergency doctrine was applied. In those cases it was held that a motorist should not follow another so closely that he could not stop his own vehicle before running into the forward one should a sudden emergency arise that would force the forward car to instantly stop. It is clear these cases are not applicable here because the emergency was created by the negligence of the forward motorist. There existed no condition or circumstance that made it necessary for him to stop his car quickly and without giving the proper signal.
[6] Granting that Neal was to some extent not as careful as he could have been, the fact remains that there would not have been a collision had plaintiff not suddenly reduced the speed of his car or stopped same without giving any signal of his intention so to do. His negligence surely was the proximate cause of the accident.
For the reasons herein given, the judgment appealed from is affirmed at plaintiff's cost.