HARDY, Judge.
Plaintiff sues to recover the sum of $310.70, representing cost of repairs to his automobile resulting from an accident allegedly caused by the negligence of the driver of a truck belonging to the .defendant.- After trial there was judgment in favor of defendant rejecting plaintiff’s demands, from which plaintiff has appealed.
About 4:30 P. M. on August 31, 1949, plaintiff was driving his automobile south on the Mansfield road, a black-topped highway within the city limits of the City of Shreveport, following, at a distance of some 20 to 30 feet, a pickup truck being driven by a Negro employee of defendant, concededly acting at the time in the course, and scope of his employment. Rain was falling, the surface of the highway was slick, and, as a consequence, it is established that both vehicles were proceeding at a moderate rate of speed, some 15 to 20 miles per hour. Reaching a point across the highway from a private driveway leading into defendant’s place of business the truck driver brought his vehicle to a stop, intending to negotiate a left-hand turn into the said- drive as soon as a slackening of oncoming traffic proceeding northerly would permit his -crossing. .Plaintiff alleges that defendant’s driver brought his vehicle to a sudden unsignaled stop immediately in front of plaintiff’s following automobile, as the result of which negligence plaintiff was unable to stop in time to avoid a collision. Plaintiff, prevented from attempting to pass on the left by reason of oncoming traffic, turned his vehicle to the right at a point where the apron of- a filling station adjoined the highway but. could not clear the truck because of an automobile which was parked some few feet from the right or east edge of the highway, and as a result, the front or left front of plaintiff’s' oar was jammed into the right rear-of the truck, -causing the damage for which redress is sought.
By way of defense it is alleged that defendant’s driver gave the proper hand signal and brought his vehicle to a gradual stop. Counter charges of negligence were, leveled against plaintiff for failing to keep *52 a lookout; failing to keep his car under control, and following • too closely behind the preceding vehicle.
On trial of the case plaintiff testified positively that defendant’s driver did not give a hand signal and that he brought the truck to a stop so suddenly that he skidded for a considerable distance before the vehicle was halted. The truck driver testified that he rolled the left window of the truck down, stuck out his hand, gave the stop signal, withdrew his hand, rolled up the window because of the rain, and then brought the'vehicle to a gradual stop with its right wheels well off of the black top. This testimony is contradicted not only by plaintiff but by the only eye witness to the accident, who observed it from a point some 50 to 75 feet distant, and who testified that all four wheels of the truck were on the highway after the vehicle stopped. This witness further testified that the truck was stopped suddenly and that he observed neither a hand , signal nor the flashing of a warning tail-light. • The ■ testimony of the truck driver is further weakened by the fact that he testified that the point of impact was on the left rear of the truck, which testimony was in gross error since it is conclusively established, as contended by plaintiff, that' the point of impact was the right rear of the truck.
Reconciling the sharply conflicting testimony, insofar as is possible, and giving due consideration to the preponderance of the testimony in plaintiff’s favor, we are convinced that the truck driver brought his vehicle to a sudden and abrupt stop on the highway immediately in front of plaintiff’s automobile. It is further observed that the truck driver himself testified that he did not see the car ’ following him, although he claims to have made observation in his rear view mirror. Certainly there was no obstruction to his view and there is no explanation of his failure to see, if, indeed, he looked.
We do not find that the record substantiated any of the charges' of negligence against plaintiff. He was not following the truck too closely; he was driving with caution at a conservative speed, and the collision was not due to his failure to preserve his reasonable lookout but to the negligence of defendant’s driver in stopping suddenly and without warning.
It is urged on behalf of defendant that our jurisprudence places the burden upon the driver of a following vehicle when a preceding vehicle is brought to a sudden stop in. an eirtergency. To a degree, at least, this contention is correct except in those 'instances where the emergency ■ is created solely by the negligence of the forward motorist.
We think the rule applicable was enunciated by Judge Taliaferro in a case in which the facts were somewhat similar, La.App., Leon v. Neal, et al., 34 So.2d 276, 278:
“Plaintiff argues that Neal was traveling too close to him. We do not think so. A motorist traveling in a city, town or over a bridge on which’ traffic is heavy, violates ho law by following another motor vehicle at a distance of forty feet, or thereabout. If this were not true, it is obvious that the rapid progress of such motor traffic would be unreasonably retarded with resulting congestion.
“Plaintiff cites and quotes from cases wherein the sudden emergency doctrine was applied. In those cases it was held that a motorist should not follow another so closely that he could not stop his own vehicle before running into the forward one should a sudden emergency arise that would force the forward car to instantly stop. It is clear these cases are not applicable here because the emergency was created by the negligence of the forward motorist. There existed no condition or circumstance that made it necessary for him to stop his car quickly and without giving the proper signal.”
In the instant case defendant’s driver was chargeable with the responsibility for extreme caution under the circumstances. He was preparing to make the dangerous maneuver of a left hand turn, not at an intersection but into a private driveway, and in bringing his vehicle tó a stop prior to negotiating such a maneuver it was his duty to ascertain that this could be done without endangering the following traffic. *53 His failure to observe plaintiffs automobile and to keep 'it tinder observation while bringing his own vehicle to a stop, in our opinion, constitutes an additional factor of negligence on his part.
Under the facts we can only conclude that the negligence. of defendant’s ■driver was the sole and proximate cause of the accident. This being so, it follows that the judgment of the lower court is manifestly erroneous.
As to the quantum, the note of evidence contains a stipulation that the amount of damages as alleged by plaintiff is correct.
For the reasons set forth the judgment from which appealed is reversed and set aside and there is now judgment in favor of plaintiff, Oscar A. Shockley, and against defendant, Norvell Wilder Supply Company, in the full sum of Three Hundred Ten and 70/100 ($310.70) Dollars, together with legal interest thereon from date of judicial -demand until paid, and for all costs.