DORÉ, Judge.
This case and that of Hosea Earl White versus the same defendant arise from a collision which occurred at about 11:30 p. m. on February 8, 1948 between a Dodge Sedan Taxicab owned by Louis Washington and being driven 'by Hosea Earl White and a Ghevrolet automobile being driven by G. L. Russell, Jr. and owned by his father, at a point approximately twenty-seven feet west of Eleventh Street on Government Street in the City of Baton Rouge.- The Washington taxicab was proceeding west on said Government Street and was being followed -by the Russell automobile and the Russell automobile collided in the rear of the Washington taxicab causing damages to both the taxicab and the Russell automobile, and causing personal injuries to White and Russell.
Louis Washington sued G. L. Russell, Jr. for damages to his automobile and Hosea Earl White sued G. L. Russell, Jr. for personal injuries sustained in the accident, both alleging that the accident was due solely to the gross negligence of G. L. Russell, Jr., particularly (a) in failing to keep a proper lookout and in failing to keep his automobile under proper control; (b) in driving too close to the Washington taxicab 'being driven by White; and (c) in driving at too rapid a speed behind the Washington taxicab being driven by White.
Since the two cases were based on the same incident, they were consolidated for trial.
The defendant Russell admitted the collision but denied the other material allegations of the petitions alleging in effect that the sole cause of the collision was the fact that Hosea Earl White, the driver of the Washington taxicab, made a sudden stop in front of him without warning whatsoever. On that allegation the defendant Russell assumed the position of plaintiff in recon-vention and prayed for damages against both plaintiffs in solido for his personal injuries and for the cost of repairing his father’s car which he states he paid for. In the alternative, the defendant Russell pleads contributory negligence on the part of the driver of the taxicab.
*640 After hearing of the case, the trial judge, for written reasons assigned, rendered judgment in favor of the defendant G. L. Russell, Jr. dismissing the suits of both plaintiffs and awarding Russell the sum of $250.-00 for personal injury and the sum of $294.-7'8 for damages to the automobile he was driving, a total of $544.78. The plaintiffs have appealed.
The review of the evidence shows that Hosea Earl White was driving his taxicab at a rate of speed of about 20 or 25 miles per hour and that as he passed the intersection of Government Street and Eleventh Street he either slowed down or came to a complete stop. His testimony is that as he reached the intersection he slowed down to a rate of speed of about 10 or 12 miles per hour in order to permit an automobile entering the intersection from Eleventh Street to proceed ahead of him. There is no testimony to corroborate him on that point and he is flatly contradicted in that respect by the defendant Russell and by two of the three guests whom Russell had in his car. There was also testimony to the effect that at the northeast side of the intersection, four persons were standing at a bus stop and two of these testified that they neither saw nor heard any automobile at the intersection as set forth by plaintiff White. However, and it may be observed, that White and Russell were traveling west and that these two witnesses, who were waiting for a bus, were looking east and they knew nothing about the collision until the actual impact which occurred, according to the preponderance of the evidence, some twenty-seven feet west of Eleventh Street at a point, according to the testimony, from five to twelve feet south of the north curb of Government Street.
The plaintiff White, as stated "above, stated that as he reached the intersection, he slowed down to about 10 or 12 miles per hour and that he was driving a fluid-drive Dodge automobile and that he was collided into before 'his car had a chance to pick up speed. He frankly admits in his testimony that he did not know that he was being followed by the Russell car in the rear, although he states that his automobile was equipped with a rear-view mirror as well as a side rear-view mirror. It is also shown that the weather was bad and the street wet and slippery. The defendant Russell and two of his guests who testified, state that White did not slow down but stopped instantly and that since the Russell car was following behind at a distance approximated by them at from one car length to two car lengths, he was unable to apply his brakes in time to avoid colliding in the rear of the White taxicab. The testimony of the defendant Russell is to the effect that his car traveled about seven feet after he applied his brakes and the physical facts show that he struck the White taxicab a blow severe enough to knock the body thereof off the chassis.
The trial court from these facts came to the conclusion that the sole cause of the accident was, as contended by defendant Russell, the sudden stop made by White. The reason contended by Russell that White made this sudden stop is that he was anticipating picking up fares at the bus stop; but in that connection it must be noted that the bus stop was on the northeast corner of the intersection and that the collision occurred some twenty-seven feet west of Eleventh Street and there is no testimony to support the contention that White was hailed by any of the bus customers. As a matter of fact, the testimony is to the effect that the bus arrived immediately after the collision and that all four customers got on it.
It is our opinion from the evidence that the taxicab driver, since he admits that he did not even realize that a car was traveling behind him and since he admits that he slowed down to a speed of 10 or 12 miles per hour without any corroborating testimony as to his reason therefor, was guilty of negligence.
It is our view, however, that the defendant Russell from his own testimony, has admitted that he was following the taxicab so close that he could not avoid striking the taxicab when it slowed down or stopped. Moreover, the physical facts show that he was obviously driving at a speed more rapid than was prudent under the weather conditions existing since the blow to the taxicab was a very severe one. We *641 ■feel therefore that Russell too was guilty of negligence which was a proximate cause of the accident and that therefore the parties should he left in the position in which they placed themselves.
For these reasons the judgment below is amended 'by dismissing the award in favor of defendant G. L. Russell, Jr., plaintiff in reconvention, and otherwise it is affirmed.