GLADNEY, Judge.
This suit was brought by George Anderson against Brackin Motors, Inc., for the recovery of damages sustained by reason of personal injuries and property loss in a collision between plaintiff’s pick-up truck and a sedan automobile owned by the defendant and driven by its employee, Billy Ray Sibley. The accident occurred August 30, 1955, on U. S. Highway No. 71, approximately two and one-half miles north of Cheneyville. Following the trial on the merits, with written assigned reasons, the trial judge held that the accident was caused by the joint and concurrent negligence of the vehicles involved and denied recovery to plaintiff and rejected a re-conventional demand for damages asserted by defendant. From this judgment plaintiff has appealed.
The accident took place about dusk while there was still visibility. George Anderson was traveling in a northerly direction and nearing the Loyd Hall Road, which he planned upon entering by making a left turn. This road does not cross Highway No. 71, but is a public road which forms a “T” intersection on the west side. The Loyd Hall Road as it leaves the paved highway, drops abruptly to go under a railroad trestle, which railroad parallels U. S. Highway No. 71 at that point. For this reason apparently the entry of the side road and its intersection with U. S. Highway No. 71 is difficult of observation to a motorist traveling on the latter highway. As Anderson approached the Loyd Hall Road, his truck was ahead of two vehicles proceeding in a string of traffic. The truck was followed by an automobile driven by Oscar Burkes and a third vehicle was operated by Abbey Harper. The two vehicles involved in the accident had turned on their lights. It is established by a preponderance of the evidence that when George Anderson was over one hundred feet from the Loyd Flail Road he extended his hand as a signal for making a left turn and began slowing his vehicle from a speed of thirty-five miles per hour. Sibley, traveling at a rate of speed of from fifty to sixty miles per hour slowed his car and came up behind these vehicles, then pulled out to the left, passed the Harper automobile and was engaged in passing Burkes when the west lane of the highway was invaded by the Anderson truck, which had commenced the execution of a left turn. Plaintiff’s truck was struck behind its cab by the right fender of the car driven by Sibley.
The driver of defendant’s automobile has been charged with specified acts of negligence including: the failure to keep a proper lookout, traveling at an excessive rate of speed, and not having his vehicle under control. Charges of negligence made against Sibley are virtually conceded. As a defense, the defendant relies strongly upon the independent negligence of plaintiff and in support of this defense has filed a special plea of contributory negligence, in which it is charged Anderson was principally at fault: in failing to keep a proper lookout, and in making a left turn without first determining that such a maneuver could be made in safety. Thus, the chief point to be determined is whether or not plaintiff was guilty of such negligence as will bar his right of recovery.
Plaintiff testified he was proceeding at about thirty-five miles per hour, and when more than one hundred feet from the intersection with the Loyd Hall Road he gave the proper left turn signal and slowed his truck; that while giving this signal he looked in the rear view mirror and observed that the car immediately following *732 slowed down in response to his signal; and that as he began the turn into the side road he heard brakes squealing and then the crash occurred. He testified further that his front and rear lights, including the stop light, were in good operating condition and that the lights of the truck were on. He testified also that after his turn signal was given, one automobile passed him from the rear. He testified he did not see nor observe the approach of the defendants vehicle.
It was Burkes’ testimony that upon observing the signal given by Anderson, he reduced his speed from about forty miles per hour to about five miles per hour and was trailing closely behind plaintiff’s truck — a distance of about fifteen feet to the rear thereof — when Anderson began to make the left turn. This witness also stated that when the left turn maneuver was undertaken Sibley was engaged in the act of passing his vehicle, being alongside and even with it. He related he did not hear Sibley sound his horn.
Harper testified he was driving about thirty-five miles per hour approximately one hundred yards to the rear of Burkes’ vehicle when the Sibley car passed him; that he was unable to estimate Sibley’s speed and that he did not see the accident. Other witnesses, Sam Dixon and Oscar Anderson, were seated on a railroad trestle near the point of collision. These two witnesses testified they saw the hand signal given by George Anderson, that the defendant’s car was traveling “too fast”, and further that the truck’s front wheels were nearly off the pavement when the collision occurred. Sam P. Lyles, who drove up shortly after the collision, testified only to a statement made by Sibley immediately after the accident to the effect Sibley did not see the truck until he struck it.
Sibley, an automobile mechanic, was accompanied by his wife, Mrs. Sibley, and their infant. Neither observed the hand signal given by plaintiff. Both testified that Sibley sounded his horn as he started to pass the Burkes car and that as he pulled up close to the latter car, plaintiff commenced making a sharp turn to the left. Sibley testified he first observed the truck when about seventy to seventy-five feet from the point of impact.
We find the negligence of Sibley is clearly established by the evidence. His failure to heed the hand signal which should have been visible to him had he been observant, suffices to establish negligence on his part. Furthermore, the slowing of the vehicles should have indicated the necessity for a greater reduction in his speed. Sibley was also guilty of violating LSA-R.S. 32:233, subd. E which prohibits-the passing or overtaking of another vehicle proceeding in the same direction at an intersection of the highway. Therefore,, unless Anderson was guilty of such negligence as should bar his recovery, he would! be entitled to judgment. As above stated,, the judge a quo held plaintiff was negligent in failing to observe the approach of defendant’s automobile in making a left turn when such maneuver could not safely be undertaken.
The Motor Vehicle Regulatory Statute and particularly LSA-R.S. 32:235, subd. A and 32:236, subd. A, impose the-duty upon a motorist driving on the highways of this state to ascertain before turning that there is no traffic approaching' from either direction which will be interfered with and shall yield the right-of-way to such approaching traffic, and he is forbidden to make a turn unless the way is. clear. He is further enjoined not to turn from a direct line before he shall first see-that such movement can be made in safety. Therefore, in the resolution of the question of Anderson’s negligence, a violation of the foregoing provision would result in negligence. The foregoing statutory directives have special application where a left turn is being made into an unmarked dirt road. American Fidelity & Casualty Company v. Drexler, 5 Cir., 220 F.2d 930.
*733 A corollary from the aforementioned statutory provisions is that a motorist shall not exercise a left turn except under most favorable conditions which can be known only to the motorist by a proper exercise of his senses of sight and hearing. Swinney v. Primeaux, La.App. 1949, 40 So.2d 754. Further, it is uniformly held by our courts that a motorist intending to make such a maneuver must first ascertain by proper observation that the maneuver can be executed in safety and carefully, and where a motorist fails to carefully survey his surroundings to ascertain whether traffic conditions warrant a left turn, he acts at his own peril and responsibility. In event of an accident while engaged in such a maneuver, without the exercise of these precautions he is guilty of negligence. The motorist attempting such a maneuver is held to the highest degree of vigilance and alertness, without which the giving of a signal by hand or horn is immaterial, if, at the time the motorist does not have an opportunity to make the left turn in safety. Gaines v. Standard Accident Insurance Company, La.App. 1947, 32 So.2d 633-637; Dupre v. Union Producing Company, La.App.1950, 49 So.2d 655; Myers v. Maricelli, La.App.1951, 50 So.2d 312; Holden v. Rester, La.App.1953, 66 So.2d 366; Callia v. Rambin, La.App. 1955, 78 So.2d 44; and Mansfield v. Toye Bros. Yellow Cab Company, La.App.1955, 78 So.2d 544. The foregoing legal principles are well rooted in our jurisprudence by repeated decisions and basically these principles rest upon Sections 32:235, subd. A and 32:236, subd. A of the LSA-Revised Statutes.
We find the evidence establishes beyond reasonable doubt George Anderson did give a hand signal in compliance with statutory duty and he did in fact observe that the vehicle immediately behind him recognized his signal and slowed down for the purpose of permitting the left turn. Anderson also observed and permitted an overtaking vehicle to pass him after he first gave the signal for a left turn, but his observation went no further than this, according to his own testimony. His conduct, however, does not reflect that degree of alertness and vigilance legally imposed as a condition precedent to the dangerous left turn. Had he made a timely and proper surveillance he would have seen the approach of Sibley and refrained from attempting the unsafe maneuver. The evidence discloses Anderson commenced his turn when Sibley’s vehicle was less than one hundred feet to the rear and was quickly overtaking the truck. To make such a turn under such circumstances violated the duty imposed by LSA-R.S. 32:-235, subd. A and 32:236, subd. A. We are, therefore, of the conviction Anderson was guilty of concurrent negligence and his right of recovery must be denied.
Counsel for appellant earnestly argue that Moncrieff v. Lacobie, La.App.1956, 89 So.2d 471, a decision by our brothers of the First Circuit, is authority for finding that Anderson fully met the requirements of the law before attempting his left turn. The district Judge, in our opinion, correctly held the cited case to be without binding application because of differences in the facts herein involved. We agree with his views. Moncrieff v. Lacobie involved an intersectional collision in the City of Baton Rouge. Therein plaintiff had stopped at the intersection and waited for the passage of certain traffic to her left and then undertook the left turn. Citing LSA-R.S. 32:237, subd. B, Judge Tate of the First Circuit Court of Appeal, held that the proximate cause of the accident was the negligence of the defendant in attempting to pass plaintiff at the intersection under the circumstances presented. Section 237, subd. B provides:
“The driver of a vehicle approaching but not having entered an intersection shall yield the right of way to a vehicle within such intersection and turning therein to the left across the line of travel of his vehicle; provided, the driver of the vehicle turning left *734 has given the signal required by R.S. 32:236.”
In Moncrieff v. Lacobie the traffic ordinance unquestionably required the defendant to proceed at a much slower rate of speed, and, therefore, the defendant’s vehicle was required to be kept under closer control than that of Sibley, who by statute, was permitted a higher rate of speed. Also, in the Baton Rouge case, the intersection was plainly observable and differs in that respect from the case at bar. We note, too, Anderson did not bring his vehicle to a stop, but his truck and the vehicles of Burkes and Harper were both moving forward when Sibley began passing these vehicles. We, therefore, are of the opinion that the case of Moncrieff v. Lacobie was decided upon a different factual situation.
Our conclusion is the plaintiff was not properly observant and began his left turn maneuver before being certain that such an undertaking could be made safely, and as a consequence, he must be adjudged guilty of negligence which was a concurrent cause of the collision. For these reasons the judgment from which appealed must be affirmed at appellant’s costs.