LOTTINGER, Judge.
This is a tort action wherein the plaintiff, Charles P. Carson, seeks to recover from the defendants, Easton Thibodeaux, Gervis Thibodeaux and Berchman Thibo-deaux, the sum of $18,290 in damages resulting from an accident in which a motorcycle owned and driven by the plaintiff collided with a truck driven by Easton Thi-bodeaux. Article 2 of the original petition reads as follows:
“That the exact and true operational-relationship of the three defendants towards each other is not known to petitioner. However, the petitioner, to the best of his knowledge, information and belief, believes and so alleges that Easton Thibodeaux, defendant driver of truck hereinafter referred to, was employed by Gervis Thibodeaux, owner and operator of a certain merchandise establishment in the town of Grand Coteau, Louisiana, and that the said Easton Thibodeaux was acting within the scope of his employment at the time of the accident; and further, petitioner believes and so alleges that defendant Berchman Thibodeaux is the owner of said vehicle and that Easton Thibo-deaux, driver, was operating said vehicle at time of accident with owner’s full knowledge and consent.”
Following the filing by defendants of an exception of no cause or no right of action, the plaintiff offered to amend his petition so that Article 2 thereof would read as follows:
“That the exact and true operational or business relationship of the three defendants towards each other is not specifically known to the petitioner. However, petitioner, to the best of his knowledge, information and belief, believes and so alleges that Easton Thi-bodeaux, defendant driver of the truck hereinafter referred to, was employed by Gervis Thibodeaux, owner and operator of a certain merchandise establishment in the town of Grand Coteau, Louisiana, or that Easton Thi-bodeaux was engaged as a partner, owning and operating together with Gervis Thibodeaux as a partnership, joint-venture or enterprise, this certain merchandise business in the town of Grand Coteau, Louisiana, that the said Easton Thibodeaux was acting within the scope and in the course of his employment at the time of the accident or the said Easton Thibodeaux was acting in the course of and in the furtherance of their alleged partnership, joint-venture or joint enter *369 prise at the time of the accident; and further, that petitioner believes and so alleges that, defendant, Berchman Thibodeaux, is or was engaged as a partner, owning together with either or both defendants, Easton and Ger-vis Thibodeaux, as a partnership, joint-enterprise or joint-venture, the above referred to merchandise establishment in the town of Grand Coteau, Louisiana ; that the said Easton Thibodeaux, driver, was operating the said vehicle at the time of the accident either within the scope and course of his employment as an employee of either or both Gervis and Berchman Thibodeaux; or the said Easton Thibodeaux was acting at the time of the accident as a partner of either or both Gervis and Berchman Thibodeaux, and within the scope and in the furtherance of the alleged partnership or joint-adventure; and further, the said vehicle was being used with its owner, Berchman Thi-bodeaux’s full knowledge and consent, and particularly owner’s knowledge of driver being physically handicapped.”
After the exception had been overruled, the defendants answered, admitting that the defendant Easton Thibodeaux was driving the truck involved in the accident and that same was owned by Berchman Thibodeaux. It was alleged, however, that at the time Easton Thibodeaux was acting solely for his account and not for either of his co-defendants. It was further set forth that the accident was caused solely by the negligence of the plaintiff and, alternatively, the doctrines of contributory negligence and last clear chance were pleaded against him.
Following trial on the merits judgment was rendered in favor of the plaintiff and against Easton Thibodeaux in the amount of $2046.25. As against the other two defendants, the plaintiff’s suit was dismissed. The plaintiff has appealed and the defendant Easton Thibodeaux has answered the appeal praying that the judgment against him be reversed .and the suit against him as well as his co-defendant be dismissed.
The plaintiff testified that on October 28, 1947 he was employed by the Western Waterproofing Company and at about 7:20 in the morning was enroute from his home to his place of employment in Grand Coteau. He stated that before reaching the main street in Grand Coteau he traversed a 45° curve at a speed of 10 to 12 miles per hour and that the accident occurred some 300 yards from this curve. After entering the main street the highest speed that he traveled was about 35 miles per hour. He said that when he was in front of Alton Leger’s garage, he saw one Francis Oakley who was then about 150 feet away. He waved at this person who waved back at him. When he looked back to the highway he saw a truck coming towards him on its right hand side of the road. At this time he was still traveling about 30 to 35 miles per hour. The truck turned in front of him and although he put on his brakes he skidded into the truck. At the time the truck turned it was some 50 feet away from him. He did not see the driver of the truck give .any signal before making his turn.
On cross examination, plaintiff stated that on the morning of the accident, the weather was clear and the sun was shining. He was supposed to report for work at 8 o’clock and the accident happened a little before 8. He stated that while on his way to work he had no apprehension of being late .and was not hurrying.
Francis Oakley, the person he waved to just before the accident, was standing to the rear of his truck which was facing East. When he waved he was about 90 feet away from Oakley and going about 35 miles per hour. He denied that the sun interfered with his vision. He stated that he did not know the speed of the truck when he first saw it but that a little before it turned, it was going very slow at what he called a “normal speed.” The plaintiff stated that he did not recall what part of the truck he had collided with. He stated *370 that when he applied the brakes his motorcycle began to slide and he had lost control of it and that he could not steer it. He stated further that had he had control of the steering, there w,as nothing which would have prevented him from passing on the highway to the rear of the truck. Pie said he applied his brakes as quickly as he could and was about 60 or 70 feet from the truck at the time.
Mr. William Dunbar, State Trooper, testified that he investigated the accident. The truck involved was a 1946 Chevrolet driven by Easton Thibodeaux, who had only one eye. The truck, he stated, was struck on its right rear by the motorcycle and the back wheels of the truck stopped “close to the blacktop street.” He found a black skidmark left'by the motorcycle which ended close to where the truck was found by him, but he could not remember whether it ended on the blacktop itself. He did not recall seeing any tracks in the gravel portion of the street. The black mark was measured by him and found to extend for 60 feet, terminating as well as he could remember 2 to 3 feet from the south side of the pavement or blacktop.
Octave Bellemin, testifying on behalf of the plaintiff, stated that he was riding in the truck driven by Easton Thibodeaux at the time of the accident. This witness had flagged down the Thibodeaux truck and asked for a ride to Grand Coteau shortly before the accident occurred. While apparently this witness did not see the accident, as he was looking in the direction of a saloon on the side of the street, he stated that he heard the brakes applied and then heard a knock. He said that when he jumped out of the truck that it was off of the blacktop onto the sidestreet as Thibodeaux had already turned to his left. He did not recall whether Thibodeaux did or did not give a hand signal of his intention to turn to the left nor did Thibo-deaux indicate to him in any way that he had seen the plaintiff approaching on his motorcycle. He stated that the truck was some 4 feet from the blacktop when he got out and that when the collision occurred, the truck was moving very slowly as well as he could remember.
On cross examination, the witness stated that when he got out of the truck after the accident, the whole body was off of the blacktop but that he did not think the whole body was off of the blacktop at the time the actual collision occurred.
The plaintiff also called as witnesses in his behalf Francis Oakley, Lorena May-field, Clarence Carson and Alton Leger. None of these persons, however, saw the accident and their testimony is of little help except that Leger did state that he examined Carson’s motorcycle after the accident and that the back wheel was locked.
The testimony of Easton Thibodeaux, de-. fendant, is most unsatisfactory. He stated that he slowed down and gave a signal before making the left turn, but could not state positively that he ever saw the motorcycle approaching.
With the above testimony before us we can only conclude that Easton Thibo-deaux was negligent in making his left turn without ascertaining that it could be done safely. The record does not, we think, show the plaintiff to have been con-tributorily negligent nor that he had the last clear chance to avoid the accident. While he might have been exceeding the speed limit by a few miles per hour, it was not his speed which caused the accident. Apparently he did all within his power to avoid the accident and he is entitled to recover.
With respect to the liability of the other two defendants, the trial judge, in his written reasons for judgment, had this to say:
“The Court is satisfied from the evidence that Easton Thibodeaux was not using the truck of Berchman Thibo-deaux with Berchman Thibodeaux’s knowledge or consent, but was operat *371 ing it without the knowledge and consent of Berchman Thibodeaux.
“The Court is likewise satisfied by the evidence that Easton Thibodeaux was not acting within the course and scope of his employment as an employee of the defendant, Gervis Thibo-deaux, or the defendant, Berchman Thibodeaux.
“The best that might be shown from the evidence would be that there was a partnership between Easton Thibo-deaux and Gervis Thibodeaux, but there is insufficient evidence for the Court to conclude that he was acting on behalf of the partnership at the time of the accident. In any event, the plaintiff did not sue the partnership. It is well settled that a member of a commercial partnership cannot be held for partnership obligations except in a suit against the partnership and against the individual members thereof. This being so, there can only be judgment against Easton Thibo-deaux individually.”
The trial judge disposed of the question of quantum as follows:
“The record discloses that the plaintiff was injured about the head and rendered unconscious as a result of the collision. He was taken to the Charity Hospital in Lafayette where he remained for some eight days, after which he was removed to the Veterans Administration Hospital at New Orleans where he remained approximately one month. The evidence discloses that he suffered from cerebral concussion and cerebral contusions. The records of the Veterans' Administration Hospital and the testimony of Carson are in conflict as to the length of time during which he remained unconscious. Nevertheless, he remained in the hospital from October 28th until December 5th and lost some-five and and a half weeks’ work. The record discloses that he was employed as a painter at the rate of $1.25 an hour, forty hours a week, and that he should recover for this the sum of Two hundred and Seventy-five and no/100 ($275.00) Dollars.
“Prior to the accident and subsequently, the work record of the plaintiff shows that he was engaged in a number of different occupations. In other words, he did odd jobs, sometimes making as much as $1.25 and hour and other times working on the farm with his father or for others at a salary of some hundred dollars a month. From the evidence adduced at the trial the Court is not in a position to fix any amount for loss of earnings or partial disability subsequent to the discharge from the hospital.
“There is nothing in the record on which the Court can base any damages for loss of hearing or ringing in the ears. The only medical evidence on this score is a letter from the Veterans Administration Hospital dated October 11, 1950, in which some loss of hearing is referred to but is in no way connected with the accident.
“The Court feels that he should recover for the Veterans Administration Hospital Bill of November 10, 1948, the sum of Two hundred and seventy-one and 25/100 ($271.25) Dollars, which covers hospitalization from November 4, 1947 to December 5, 1947.
“The Court feels that the plaintiff is entitled to recover for pain and suffering. In addition to the cerebral concussion, the record discloses that he received a laceration of the angle of the mouth and of the upper left eyelid and abrasions to his left thigh. Plaintiff seeks to recover for damages to his motorcycle, the sum of Ninety and no/100 ($90.00) Dollars. Although the Court is of the opinion that the motorcycle was damaged, the only evidence in the record as to the amount was an approximation made by the *372 plaintiff. There is no supporting proof or itemized damages for bill covering this claim.
“The court is of the opinion that the sum of Fifteen Hundred and no/100 ($1500.00) Dollars should be allowed for pain and suffering.”
The above quoted findings are amply substantiated by the record. Finding no manifest error in the judgment appealed from, the same is hereby affirmed.
Judgment affirmed.