107 So.2d 847 (1959)
Ned GOUTIERREZ et al., Plaintiff-Appellee,
v.
TRAVELERS INSURANCE COMPANY, Defendant-Appellant.
No. 4705.
Court of Appeal of Louisiana, First Circuit.
January 5, 1959.
Davidson, Meaux, Onebane & Nehrbass, Lafayette, for appellant.
Marcus A. Broussard, Jr., Abbeville, for appellee.
FRUGE, Judge ad hoc.
This is an action by Ned Goutierrez and his wife, Ledie Brasseaux Goutierrez, against Travelers Insurance Company for *848 damages arising out of an accident between a 1949 Ford automobile driven by Mrs. Goutierrez, and a station wagon owned by the Department of Public Works, State of Louisiana, and driven by an employee of the Department, Ralph R. Lee. The action is brought against Travelers Insurance Company as insurer of the Department and Mr. Lee. Mr. Goutierrez seeks to recover for the damage done to the automobile and for loss of use and rental. Mrs. Goutierrez seeks recovery for personal injuries she allegedly sustained.
The date of the accident was September 14, 1955. The time was 1:15 P.M. The weather was cloudy, it was raining, and the road was wet. Prior to the collision Mrs. Goutierrez was driving the 1949 Ford in a southerly direction on Louisiana Highway 148 between Youngsville and Erath. Riding in the Ford with Mrs. Goutierrez was her sister-in-law, Mrs. C. D. Goutierrez (herein referred to as "passenger"). Traveling in the same direction, on the same road, and some distance to the rear of Mrs. Goutierrez was the station wagon driven by Mr. Lee. The collision occurred near the driveway leading to the "passenger's" home.
Plaintiff's petition alleged that she was driving in the west lane of traffic along said highway which is a 22 feet wide asphalt roadway; that she was driving approximately 25 miles per hour; that she began slowing her vehicle before reaching an intersection formed by a driveway leading to Mr. C. Goutierrez' home and said Highway 148; that as she approached said driveway, intending to turn, she began to reduce the speed of her automobile, touching her brakes slightly and giving a left turn signal; that at this time a 1955 Chevrolet Station Wagon, owned by the Department of Public Works, and being driven by one of its agents or employees, namely, Ralph R. Lee, was following her along said State Highway at a grossly rapid, negligent and careless rate of speed, estimated at from 60 to 70 miles per hour; that this automobile, insured by the defendant insurance company was following the automobile of the plaintiff at a very close distance, with utter disregard for the safety of the occupants of the car of the plaintiff; that she signalled her intention of making a left turn and applied her brakes, thereby blinking the signal lights on the rear of her car and that the automobile insured by the defendant struck the automobile of the plaintiff in the rear, at a violent and terrific rate of speed, thereby damaging the automobile of the petitioner and injuring petitioner wife; that the sole and proximate cause of said collision was the gross negligence, want of skill, lack of care, and total disregard of the rights of others shown by Ralph R. Lee; that the weather was cloudy and raining, and that said Lee was operating the said vehicle at an excessive rate of speed in violation of law, and in an imprudent manner; that said Lee was operating his vehicle at an excessive rate of speed and not keeping a proper lookout and in failing to observe what he should have observed, namely, the signals of the petitioner and in failing to keep his vehicle under proper control; in failing to blow his horn to indicate his approach to the petitioner's vehicle; in following too closely the vehicle of the petitioner and in failing to take any action to avert the collision when it became clear to him that such was imminent.
Defendant denied these allegations by way of answer and in the alternative, alleged that said Ledie Brasseaux Goutierrez, plaintiff-driver, was guilty of gross negligence which contributed as a direct and proximate cause of the accident in the following manner: In failing to maintain a proper lookout; in failing to have her vehicle under proper control; in failing to see the vehicle being operated by Mr. Lee or if she did see it, in ignoring its presence; in executing a left turn without first being certain that it was safe to do so; in failing to give any signal whatsoever of her intention to make a left turn; in entering the left lane of traffic at a time when the vehicle being operated by Mr. *849 Lee was overtaking and passing her in the left lane; in failing to give any hand signal or any signal whatsoever of her intention to execute a left hand turn; in making a left turn on the highway without being certain that it was safe to do so; and in failing to see what she should have seen and in failing to do what she should have done.
According to the testimony in the record, both Mrs. Goutierrez, as well as the passenger in her car, testified that Mrs. Goutierrez did give the left turn signal and was struck before she could execute the left turn move and that she did not cross the center line of the highway before the collision. There were no eye-witnesses to this accident with the exception of Mrs. Goutierrez, one of the plaintiffs, a passenger, and the said Mr. Lee. The first person to arrive at the scene of the accident after the collision was a Mr. Clifford Stelly. He testified that Mrs. Goutierrez' car was hit right in the middle of the back, the trunk and the bumper. The State Trooper, who was called as a witness for the defendant, testified that he arrived at the accident about one-half hour after the collision. The substance of his testimony is that the plaintiff's car was hit in the back, a glancing blow. According to his testimony, there was no damage to the left side of her car. It would appear to this court that the testimony of Mr. Stelly and Trooper David clearly sustains the testimony of Mrs. Goutierrez and her guest passenger, that she was hit from the rear. The fact that her vehicle was not damaged on the left side is a clear indication to us that she was not making a left turn at the time of the collision. Another point of contention is the exact point of impact with respect to the driveway wherein plaintiff intended to turn. The trooper set the point of impact at about five feet north of said driveway. However, it is to be observed that he established the point of impact by the end skid marks caused by Mrs. Goutierrez' wheels. On cross-examination, he cleared up that point by stating that the skid marks were made by her car after the point of impact which whipped the car around. The trial judge evidently believed that the skid marks were the result of friction and rubbing of the tires along the pavement at a 90 angle to the direction of travel. It is apparent that there were no skid marks from Mrs. Goutierrez' vehicle as long as it was traveling straight forward and that these skid marks occurred only after the vehicle began to swing around after the impact. It would appear from the evidence that it is logical that after the point of impact, Mrs. Goutierrez' vehicle traveled forward for some distance. This would set the point of impact at some position before the beginning of the skid marks, or north thereof, approximately the distance of thirty feet.
Defendant Lee testified that plaintiff Mrs. Goutierrez was turning left as he came up to her, and by her turning left just at the point when he reached her, there was no way that he could avoid the accident and he was in no way negligent, and that the sole proximate cause of the accident was Mrs. Goutierrez' negligence in executing a left turn. As is usual in cases of this kind, there is variance between the testimony of the witnesses for the plaintiff and those for the defendant. The trial judge who sat on the trial of this case and who had occasion to observe the demeanor of the witnesses and the way in which they delivered their testimony, taking in consideration all the factors in the premises, concluded that the accident was caused by the sole negligence of the driver, Lee, and that his negligence was the proximate cause of the collision. We find no manifest error therein. We therefore conclude that at the time of the collision, plaintiff Goutierrez had not left her side of the road and had not begun a left turn in the path of the following vehicle. The testimony is clear that the defendant Lee at the time of impact was on his right side of the road and that he was not in the left or passing lane of traffic. For us to believe the testimony of Mr. Lee, we would have to overlook *850 and brush aside the testimony of the other witnesses. Mr. Lee testified that when he got to the point when he thought Mrs. Goutierrez intended to turn, that he put on his brakes, turned to the right and blew his horn, at practically the same time and that his horn became stuck. Both the Goutierrez women in the car did not hear the Lee horn at all. Mr. Stelly, who arrived at the scene moments after, stated that he did not hear the horn which was allegedly stuck, and the other witness called by the defendant, Mr. MacDonald, who stated that he arrived at the scene of the accident within a minute to a minute and a half after the collision, testified that he did not hear the horn which Mr. Lee swears was stuck. Mr. Lee further testified that he struck the Goutierrez automobile in the middle of the road. But the Trooper stated that the vehicle driven by Mr. Lee was not in the middle of the road but was wholly within the right lane of traffic, as evidenced by the position of his skid marks. To sustain defendant's version of facts in this case, we would have to accept the testimony of Mr. Lee and disregard the testimony of the other witnesses, the physical facts and the ruling of the trial judge. Another fact of dispute is the question of whether or not the window of the Goutierrez' car was open or closed. Mr. Lee, Mr. MacDonald and Trooper David testified that the window on the driver's side of the Goutierrez' car was shut before the accident. Whereas on the other hand, the two ladies who occupied the car and Mr. Stelly stated that the window was half-way open immediately after the collision and that someone had shut the window to keep the rain out of the car thereafter. This fact is important in the light of Mrs. Goutierrez' testimony that she stuck her hand out of the half opened window. The trial judge must have resolved this conflict in favor of plaintiffs in view of his judgment.
The trial judge concluded that the accident was caused by the sole negligence of the driver, Lee, and that his negligence was the proximate cause of the collision. This conclusion on the part of the district judge follows the notation that the defendants pled contributory negligence on the part of the plaintiff, Mrs. Goutierrez, from which we may infer that he found no negligence on the part of the plaintiff driver, Mrs. Goutierrez. The case of Johnson v. Wilson, La.App., 97 So.2d 674, was cited by the District Court as authority for its holding. We might observe at this point that able counsel for the defendants made a learned distinction of several points between the Johnson case, supra, and the case at bar. But, in making these distinctions, counsel used as a basis the facts contended for by the defendant and not the facts arrived at by the trial court. It necessarily follows that his argument in that respect is untenable. In holding defendant Lee negligent, the trial court must have found that he was driving at an excessive rate of speed and not keeping a proper lookout, and in failing to observe the signals of the petitioner, and in not keeping his vehicle under proper control, and in not blowing his horn to indicate his approach to petitioner's vehicle, and in following the vehicle of the petitioner too close, all of said acts of negligence being more glaring by reason of the fact that the weather was cloudy and it was raining and that he should have been more prudent in the handling of his vehicle.
The Courts of Louisiana have many times held that when two automobiles are being driven along a public road in the same direction, the driver of the front car holds no duty to the car in the rear except to use the road in the usual way in keeping with the laws of the road. Greer v. Ware, La.App., 187 So. 842; Fuld v. Maryland Casualty Company, La.App., 178 So. 201; Crow v. Alesi, La.App., 55 So.2d 15, see also Blashfield's Cyclopedia of Automobile Law and Practice, Volume 2, Section 931.
A motorist is required to keep his automobile under control at all times. His duty to do so increases in periods of low visibility and adverse road conditions. *851 When visibility is impaired a motorist should reduce his speed and keep his automobile under proper control. Hogue v. Akin Truck Lines, La.App., 16 So.2d 366.
In the case at bar, Mrs. Goutierrez was traveling in her right lane of traffic, slowing down and signalling for a left turn when she was struck from the rear by the vehicle being driven by Mr. Lee. While it is true that she is unable to testify affirmatively that she saw any negligent act performed by Mr. Lee, however, the circumstances indicate that Mr. Lee was grossly negligent and that his negligence caused the accident as found by the trial judge. The evidence further conclusively shows that at the time of the accident, as found by the trial court, Mrs. Goutierrez was not engaged in executing a left turn, but rather was slowing down in her own lane of traffic preparatory to such time and was giving a proper signal. Thus, the conclusion of facts is opposite to the contention of defendant that plaintiff was actually in the act of executing a left turn.
Able counsel for the defendant correctly cited numerous authorities to the effect that legislative enactments and the Louisiana courts have established and have placed upon left turning motorists a very high degree of care, a slightest breach of which renders a left turner negligent. We have no quarrel with these authorities as they are eminently correct whenever the facts apply to them. However, under the facts of this case, showing conclusively that the impact occurred before the left turn, both vehicles being in the right lane of traffic, it necessarily follows that these authorities involving a left turn are inapposite. There is no contributory negligence on the part of the plaintiff and we agree with the trial judge that the sole and proximate cause of the accident was caused by the gross negligence of the defendant, Lee.
Able counsel for defendant argues rather strenuously that Mrs. Goutierrez had commenced a left turn and had crossed into the east lane at the time of the collision. In support of this contention, he relies on the case of Castille v. Houston Fire and Casualty Ins. Co., La.App., 92 So.2d 137. In further support of his contentions, defendant cites Brown & Williamson Tobacco Corp. v. Baungardner, La.App., 92 So.2d 107; Washington Fire & Marine Ins. Co. v. Firemen's Insurance Company, 232 La. 379, 94 So.2d 295, besides the Castille case, supra. He cites these authorities in support of his contention that the negligence of a left turner to be the sole proximate cause of accidents between a left turner and an approaching vehicle have absolved the approaching driver of negligence unless the left turner shows that he obeyed the strict rules imposed upon him or proved some negligent act or omission on the approaching driver's part. These authorities are inapposite for the reason that the facts in the case at bar are different to the facts as applied by the court in these cited authorities. For instance, in the Brown and Williamson Tobacco Corp. v. Baungardner, the court held in that case that defendant's negligence in making a left turn was the sole proximate cause of the accident. Those are not the facts here. We have carefully examined every case cited by defendant including Crimi v. White & Delony, La.App., 91 So. 2d 465; Messina v. Audubon Insurance Co., La.App., 67 So.2d 143.
Defendants in urging contributory negligence on the part of plaintiff herein cite: Leonard v. Holmes & Barnes, Ltd., 232 La. 229, 94 So.2d 241; Anderson v. Brackin Motors, La.App., 95 So.2d 730; Brown and Williamson Tobacco v. Baungardner, supra; Crimi v. White & Delony, supra; Leonard v. Holmes & Barnes, Ltd., supra, and the recent case of Carson v. Thibodeaux, La. App., 99 So.2d 367. They are inapposite because of the facts.
Further, defendant contends that if Mrs. Goutierrez had not commenced a left turn, that she should still be held contributorily negligent because she slowed down preparatory to making the turn without signalling or observing the traffic in the rear and cites authorities hereinabove. Of course, as already *852 pointed out, we have found that she did signal and that defendant, Lee, should have seen her signal. The authorities submitted are inapposite: Shockley v. Novell-Wilder Supply Company, La.App., 49 So. 2d 51; Washington v. Russell, La.App., 55 So.2d 639. This is also a different factual situation where the court held both parties negligent and allowed neither one to recover. American Insurance Company v. A. L. & W. Moore, La.App., 38 So.2d 635; Leon v. Neil, La.App., 34 So.2d 276. In this case the court found that the plaintiff had slowed down without signalling and is not analogous to our case at all. Dunaway v. Cade, La.App., 39 So.2d 148; Finance Security v. Thurman, La.App., 9 So.2d 846. We conclude that all of these authorities submitted by defendant are inapposite because of a different factual situation.
The trial judge allowed the following special damages:

Dr. James Gilly $ 47.00
Erath Hospital 69.50
 126.60
Radiology Clinic 45.00
B & L Orthopedic Appliance Co. 32.64
La Mode Shoes 40.35
Dr. Bernard Lahasky 100.00
Housekeeper 135.00
Damage to automobile 225.00
Rental of car 234.00

Defendant takes issue of the item which allows recovery for rental car service in view of the fact that plaintiff's car was a total loss in this case. He cites authorities, the latest being Morgan v. Hartford Accident & Insurance Indemnity Co., La. App., 100 So.2d 279. It was held in that case that on the question of loss of use of the petitioner's vehicle the law is clear that no recovery is allowed when a vehicle has been totally destroyed. There seems to be no doubt that one who recovers the full value of a chattel destroyed through the negligence of another cannot recover for the value of the use thereof after the same was destroyed. The measure of damage in such cases is the value of the property destroyed. Numerous authorities are correctly cited in support of this rule. The item of $234 for rental of a car will therefore be disallowed.
On the question of damages for pain and suffering and disability of the plaintiff-wife, the trial court awarded the sum of $7,500. No comparative authority is referred to in the judgment nor have we been favored of such by plaintiffs. Defendant thoughtfully furnished authorities beginning with the case of Hansen v. Great American Indemnity Co., La.App., 33 So.2d 549 to the case of Thompson v. Audubon Insurance Co., La.App., 101 So.2d 752 (including about ten cases in between), ranging in amounts from $1,000 to $2,600. Suffice to say there are many other cases awarding much higher amounts.
On the question of measure of damages for injuries to the person, it has been held, that there is is no rule or standard of law fixing or establishing the amount of recovery in actions for personal injuries, and each case must rest on its own set of facts. See Schwandt v. Nunez, La.App., 71 So.2d 583.
There is no rule or standard for assessing damages for personal injuries and the assessment of such damages is reposed in the sound discretion of the court, each case to stand on its own circumstances. McNulty v. Toye Bros. Yellow Cab Co., La.App., 73 So.2d 23.
In awarding damages for personal injuries, much discretion is left to the judge or jury and the determination of the trial judge or the jury should not be disturbed except for serious error. Wainwright v. Globe Indemnity Co., La.App., 75 So.2d 554. There is no rule or standard by which award for personal injuries may be measured and much discretion is vested in the court in a personal injury action in assessing damages. Futrell v. Pacific Indemnity Co., La. App., 79 So.2d 903.
The decreasing power of the dollar due to a rise in the living expenses is a *853 proper element of consideration in determining the amount of award in tort actions. Prine v. Continental Southern Lines, La. App., 71 So.2d 716.
The injuries suffered by plaintiff-wife are: She was thrown from the front seat of the automobile into the rear and pinned therein, and she suffered a blow upon her head which caused a great deal of pain for a period of several weeks; she sustained a sprained injury to the back which caused her considerable pain and suffering and which required numerous trips to a physician over a period of one year; she suffered a severe blow to her right ankle, said injury makes her unable to walk upon said ankle without the use of a corrective shoe; she suffered injury to her hips and pelvis region, causing severe pain and suffering which existed for about a year; that all these injuries disabled her for a period of about eleven months and that the injury to her ankle will last indefinitely for the reason that she has to wear a brace or a special shoe. She was hospitalized fifteen days after the accident and was bedridden in her home for about three more weeks, all the time she suffered excruciating pain with her back and ankle; and that while she was in the hospital, she lost fourteen pounds due to pain and shock and suffering; that the pain to her back though subsiding after eleven months, recurs upon change of weather; that the injuries to her right ankle and foot is severe enough to cause her to be unable to walk upon her foot without a special foot support.
After a careful consideration of the comparative awards made by the courts and considering the finding of the trial court on the question of quantum and after a careful review of the injuries sustained by plaintiff as disclosed by the record in light of the jurisprudence cited herein, we have concluded that the award of $7,500 is excessive and it should be reduced to $5,000, which amount we believe to be adequate but not excessive.
For the above and foregoing reasons, the judgment of the District Court is amended so as to delete the item of rental of car for $234 from the award in special damages and the item of personal injuries in the sum of $7,500 is hereby reduced to $5,000, and in all other respects, the judgment appealed from is affirmed.
Amended and affirmed.