HOOD, Judge.
The plaintiff, Wilbur Foreman, seeks to recover damages for personal injuries alleged to have been sustained by him as the result of a motor vehicle collision. One of the vehicles involved in this collision was a truck which was owned and being driven by Harold Morgan, and the other was a truck owned by John Prather and being driven by Obie Whitehead. At the time of the accident plaintiff was a passenger in the truck which was being driven by Whitehead. The defendants in this suit are the drivers of the two trucks, Morgan and Whitehead, and the public liability insurers of those vehicles, American Automobile Insurance Company and American Fidelity and Casualty Company.
A petition of intervention was filed by Ocean Accident & Guarantee Corporation, Ltd., the workmen’s compensation insurer of John Prather, in which the intervenor seeks to be reimbursed the amounts which it has paid to plaintiff in settlement of his compensation claims against Prather.
No responsive pleadings were filed in behalf of defendant Whitehead, but the remaining defendants filed exceptions of no right and no cause of action, which exceptions were referred to the merits. Answers were then filed in behalf of Morgan, American Automobile Insurance Company and American Fidelity & Casualty Company, and thereafter the case was tried on its merits.
The trial court concluded that there was no actionable negligence or liability on the part of Morgan or his insurer, that the sole proximate cause of the accident was the negligence of Whitehead, and that the policy of public liability insurance covering the truck which Whitehead was driving specifically excluded coverage of plaintiff’s claim in this case. Judgment accordingly was rendered in favor of plaintiff and against Whitehead, but plaintiff’s demands as to the other defendants were rejected. Plaintiff and the intervenor, Ocean Accident & Guarantee Corp., Ltd., have appealed from that judgment. Whitehead has not appealed and has made no appearance in this court.
The accident occurred about 1:00 P.M. on November 10, 1958, on U. S. Highway 190, a few miles west of the Town of *730 Kinder, Louisiana. The highway at that point is straight and is paved with concrete. Just prior to the accident both the Morgan truck and the Whitehead truck were traveling in a westerly direction, the Morgan truck being in the lead. Morgan stopped his truck on the paved portion of this two-lane highway because of some road repairs which were being made, and immediately after it was brought to a stop the front of the Whitehead truck collided with the rear of the Morgan truck. Both of these trucks were large tandem trailer trucks, which were equipped for hauling cattle, and each truck was carrying a load of live cattle weighing approximately 18,000 pounds.
The evidence establishes that the brakes on the Whitehead truck were not in working order at the time of the accident. The trial court concluded that Whitehead was negligent in following the Morgan truck too closely under those circumstances, and that his negligence in that respect was the sole proximate cause of the accident. Plaintiff and intervenor contend that the trial court erred in failing to hold that Morgan also was negligent and in failing to hold Morgan liable, in solido, with Whitehead for the damages sustained as a result of this accident. Plaintiff and intervenor further contend that the trial court erred in holding that plaintiff’s claim is excluded from coverage under the policy affecting the truck which was being driven by Whitehead.
The first important issue presented in this case is whether Morgen was negligent, and, if so, whether his negligence constituted a proximate and contributing cause of the accident.
Plaintiff, Foreman, states that he was not observing the highway prior - to the collision, so he was unable to testify as to how the accident occurred. The only other eye witnesses who did testify as to the manner in which it occurred were the drivers of the two trucks, both of whom are defendants in this suit, and a person named Derric Moore who was riding as a passenger in the Morgan truck and who is the only disinterested witness as to these facts. We find the testimony of all of these eye witnesses, however, to be somewhat vague and confusing as to what actually transpired immediately before and at the time of the accident. Early in the trial, for instance, Morgan testified as follows:
“Q. What type of stop did you make ?
“A. Well, I don’t remember exactly, but seemed like it wasn’t too sudden a stop. It might have been, I don’t remember.”
Later in the same trial he stated that he put his brakes on “very fast” and that he made a “sudden stop.” Morgan also testified that he did not know how close he was to the automobile immediately ahead of him when he first realized that it had stopped, and that “It has been so long I would be afeared to try to estimate.” Yet, later in the trial Morgan stated that he was about 50 feet from the car when he “first saw it was stopping” and that he then brought his truck to a stop about four feet from the automobile. He further testified that “someone flagged us down,” and that a flagman “came out from the side of the road, stopped the cars ahead of me.” Upon being recalled to the stand later in the trial, Morgan stated that he “didn’t see no flagman.”
Derric Moore, a passenger in the forward truck, testified that Morgan “started putting the brakes on” when the small English car ahead of him stopped, that Morgan “was holding his brakes, he didn’t want to knock his cattle down, you know how cattle goes,” and that “there was one or two that fell, he knew what he was doing with the brakes.” The witness then stated that “when I seen that, I say, ‘Harold, it’s time to stop,’ ” whereupon Morgan “throwed the brakes dead, made a dead stop,” and that “when he throwed the brakes, it pulled *731 me off the seat and throwed me down.” We understand from this testimony that Morgan had actually applied his brakes moderately at first and then later, at the suggestion of Moore, he applied them forcefully causing the truck at that time to be brought to a sudden stop. Moore did not testify as to the distance the Morgan truck was from the automobile ahead of it when Morgan first applied his brakes.
Whitehead, the driver of the following truck, testified that he was watching the stop lights of the lead truck when they first came on, and that the Morgan truck stopped “just like something dropped in front of me.” He stated, however, that he applied his brakes immediately after he saw those stop lights go on, and that he was about 30 or 40 yards (90 to 120 feet) behind the Morgan truck when he applied the brakes of the truck he was driving. The following is a portion of his testimony:
“When I first hit my brakes, I was traveling approximately thirty or forty yards behind him. I saw his red lights go on, I reached for my trailer brakes. I would say I got up about thirty yards from him, it didn’t do no good, I got my tractor brakes, it didn’t do no good. You have a live load, it will do like a barrel of water, it will slosh around. I couldn’t stop, I looked to the left, I looked ahead, its about sixty foot to go off, there was another truck parked there with people working loaded with cross-ties timber. So it was either go off of this bridge, hit this other truck head on, or either go in the back of Mr. Morgan’s trailer. I geared my truck down from fifth to fourth and back to third, and I told Wilbur Foreman, ‘Look out, I can’t stop.’ By that time we was into it.”
Whitehead further stated that if the brakes on his truck had been working he would have had “plenty of time” within which to make a safe stop, without a collision, after he became aware of the fact that Morgan intended to bring his truck to a halt. He also testified that if Morgan “had given me a signal rather than sudden like that, maybe I could gear it down to stop.” We interpret Whitehead’s testimony to be that he could have stopped and avoided the accident easily if his brakes had been functioning, and that even without brakes he may have been able to gear the truck down and bring it to a stop if Morgan had given him a stop signal earlier. He does not state, however, how much distance he would have required to make a safe stop without brakes.
The trial judge concluded from this evidence that the Morgan truck effected a sudden stop in order to avoid crashing into the motor vehicles which had stopped ahead of him, but that Morgan had the right to presume that the driver of the following truck would obey the law (LSA-R.S. 32:234) requiring him to remain at least 400 feet behind him, and for that reason Morgan was not negligent in making a sudden stop on the highway.
We agree that a sudden stop was made by the Morgan truck, but the evidence, and particularly the testimony of Derric Moore, convinces us that Morgan had applied his brakes moderately at first and the sudden stop was made later. Since Whitehead states that he saw the stop lights of the Morgan truck flash when the brakes were first applied, we think he became aware of the fact that Morgan was stopping in ample time to have brought his truck to a stop if his brakes had been working properly. Whitehead, in fact, acknowledges that he had “plenty of time” within which to stop if his brakes had been operating, and in other parts of his testimony he verifies the fact that he had ample time within which to do so. As has already been pointed out, he testified that after it became apparent to him that Morgan was going to stop', Whitehead had time, first, to try his trailer brakes, then his tractor brakes, to gear his truck down to fourth gear, and then to third gear, and finally to warn his passenger, plaintiff, that he *732 couldn’t stop. The evidence does not show how long it took Whitehead to perform these operations, but we do not think it would be logical to assume that they could have been performed within the very brief period of time which plaintiff and inter-venor contend were available to him after the danger became apparent. The fact that he did have time to make all these successive, but unsuccessful, efforts to stop before the collision occurred is another factor which convinces us that the stop which Morgan made was not so abrupt as to' constitute a proximate or contributing cause of the accident.
If Morgan meant to testify, as contended by plaintiff, that he first observed the automobile 50 feet ahead of him after it had stopped, and that he brought his truck to a stop within that distance, although the truck was traveling at a speed of 35 to 40 miles per hour at the time, we think he must have erred in his estimates. It seems incredible to us that a truck of that size and traveling at that speed could be stopped within such a short distance, or that such an abrupt stop could be made without greatly disturbing or injuring the live cattle which were being transported in the truck. According to Moore’s testimony, the stop was so gradual that only one or two cows fell when the stop was made. We think a more logical interpretation of the evidence is that the brakes of the Morgan truck were applied gradually at first, that the speed of the truck was reduced before the sudden stop was made, and that the Morgan truck traveled more than 50 feet between the time the brakes were first applied and the time the truck was brought to a stop.
Regardless of the distance which was required for Morgan to bring his truck to a stop after his brakes were applied, however, it seems to us that if the brakes on the following truck had been functioning properly Whitehead would have been able to stop his truck within approximately that same distance, since both trucks were of the same type and were carrying identical loads. Whitehead testified that “when I first hit my brakes, I was traveling approximately thirty or forty yards behind him (Morgan).” Whitehead, therefore, had 90 to 120 feet, plus the remaining distance traversed by Morgan before his truck stopped, within which to stop after his brakes had been applied, and we have already concluded that Morgan’s stop was not as abrupt as contended by plaintiff and intervenor. We are convinced that the accident would not have occurred if the brakes on the Whitehead truck had been functioning. Since Whitehead, with properly working brakes, had ample time within which to stop his truck before the collision occurred, we think any negligence which may be attributed to Morgan for bringing his truck to a stop suddenly cannot be construed as constituting a proximate or contributing cause of the accident.
Counsel for plaintiff and intervenor concede that immediately before the accident occurred Morgan was confronted with an emergency and that it was necessary for him to stop his truck. They contend, however, that he created the emergency by his own negligence and for that reason he is not relieved of responsibility for the accident. They argue that Morgan was engaged in a conversation with his guest passenger and was not observing the road just before the accident occurred, and for that reason he did not see the car being flagged to* a stop ahead of him until it had stopped.
We agree with counsel in his argument that the sudden and unnecessary stopping of a vehicle on the main traveled portion of a highway, without warning, without signal, and without regard to the rights of following vehicles, constitutes negligence which may be the proximate cause of a collision with a following vehicle. Nomey v. Great American Indemnity Co., La.App. 2 Cir., 121 So.2d 763 (cert. denied). In some instances the driver of the forward vehicle may be relieved o-f *733 responsibility if lie is compelled to make an abrupt stop because of a sudden emergency, but he may not be relieved from responsibility under the “sudden emergency doctrine” if the emergency was created by his own negligence. Leon v. Neal, La.App. 2 Cir., 34 So.2d 276; Shockley v. Norvell-Wilder Supply Co., La.App. 2 Cir., 49 So.2d 51.
In the instant suit, however, we have found that Morgan’s act in bringing his truck to a sudden stop was not a proximate or contributing cause of the accident, and for that reason it is immaterial whether his own negligence created the emergency which caused him to make such a stop.
Plaintiff and intervenor further contend that Morgan was negligent in failing to make certain that the brakes on the Prather truck, which was being driven by Whitehead, were working properly before permitting Whitehead to drive it on the day the accident occurred. The evidence establishes that the brakes on that truck failed to function two days before this accident occurred, and that Morgan and Whitehead had repaired them. Although Whitehead described the repair work which was done as “a patched job,” we have been unable to find anything in the evidence which indicates that Morgan knew that the brakes were not functioning properly at any time after this repair work was done. The evidence fails to show, therefore, that Morgan was negligent in permitting the truck to be operated with defective brakes.
The trial judge also held that Morgan had the right to presume that the Whitehead truck would remain at a distance of at least 400 feet behind him, as required by LSA-R.S. 32:234. Since we have concluded that Whitehead, with operating brakes and under the circumstances presented here, had ample time within which to make a safe stop, Morgan would have been justified, had he observed the position of the Whitehead truck behind him, in assuming that he could make a sudden stop without danger to the following vehicle. Under those circumstances it is not necessary for us to consider the issue of whether Morgan was entitled to presume that Whitehead was observing the provisions of LSA-R.S. 32:234.
The public liability insurance policy issued by American Automobile Insurance Company to John Prather, covering the truck which Whitehead was driving, contains a co-employee exclusion clause which reads as follows:
“ * * * The insurance with re-
spect to any person or organization other than the named insured or such spouse does not apply:
* * * * * *
“ * * * (2) to any employee with respect to injury to or sickness, disease or death of another employee of the same employer injured in the course of such employment in an accident arising out of the maintenance or use of the automobile in the business of such employer. * *
Although some question has been raised as to whether Whitehead and Foreman were employed by Prather, by Morgan, or by a partnership composed of Prather and Morgan, the evidence is clear to the effect that both Whitehead and Foreman were employed by the same employer, and that plaintiff was injured in the course of that employment in an accident arising out of the maintenance or use of the truck in the business of such employer. Under those circumstances we find that the policy excludes liability for the damages sustained by plaintiff in this case. See Jagneaux v. American Automobile Insurance Company, La.App. 3 Cir., 136 So.2d 91.
As a result of this accident plaintiff sustained severe injuries, consisting principally of multiple compound, comminuted fractures of both legs. He was hospitalized for several weeks, and has suffered a great deal of pain. He has been totally *734 disabled since, the date of the accident, but with physical therapy some improvement may be expected. The treating physician, however, feels that plaintiff will have some permanent disability as a result of the accident.
The trial court awarded plaintiff the sum of $22,500.00 as damages, stating in his reasons for judgment that “The court has taken into consideration the ability of the defendant cast to respond in judgment.” Plaintiff seeks to have the award increased, but after considering all of the facts and circumstances we have decided not to disturb the judgment of the trial court.
For the reasons herein assigned the judgment of the district court is affirmed. All costs of this appeal are assessed to appellants.
Affirmed.