PRICE, Judge.
These tort actions arose out of a vehicular collision happening on July 26, 1966, on U.S. Highway 80, approximately ten miles east of Tallulah, Louisiana. On this date, at about 10:00 o’clock in the morning, Mr. and Mrs. Claude Rosson and their two minor daughters were traveling west on U.S. Highway 80. An autO' driven by James E. Goodrum was approaching the Rosson car from the opposite direction. The highway department had just completed the painting of a white line along the south edge of the pavement and rubber cones were placed at intervals to keep traffic from damaging the wet paint. One of these rubber cones had become displaced and was lying in the south lane being used by eastbound traffic. Mr. Goodrum stopped his vehicle in the eastbound lane just a short distance from the displaced cone. A Continental Southern Lines, Inc. passenger bus, also proceeding *803 easterly, collided with the Goodrum vehicle, and careened into the westbound lane, striking the Rosson family automobile almost head-on. Mr. Rosson and his seventeen-year old daughter, Dollie, were killed instantly. Mrs. Rosson and the other daughter, Lana, age fourteen, were seriously injured.
In Suit No. 11,143, Mrs. Juanita H. Ros-son, individually and as the Administratrix of the Estate of her deceased husband and deceased daughter, sued James E. Goodrum and his liability insurer, State Farm Mutual Insurance Company, for her own personal injuries and for the loss of her husband .and child. Mrs. Rosson also appeared in the suit on behalf of her minor daughter, Dollie, seeking personal injuries for this child resulting from the accident. She was joined in the suit by two major children of her marriage to Mr. Rosson, Roger Lee Rosson and Charles Ray Rosson, each seeking damages for the loss of his father.
Plaintiffs in this action alleged that defendant, James E. Goodrum, was negligent in parking his vehicle in the traveled portion of a State highway in violation of LRS-R.S. 32:141(A), which negligence was a proximate cause of this accident. Continental Southern Lines, Inc. was not joined as a defendant as they had previously admitted negligence on behalf of their driver and effected a compromise settlement with the Rosson plaintiffs, with full reservation of all rights against James E. Goodrum.
Suit No. 11,144 was brought by James E. Goodrum and his collision insurer, State Farm Mutual Insurance Company, against Continental Southern Lines, Inc., seeking damages for costs of repairs to the Good-rum vehicle. Defendant answered the plaintiffs’ petition, specially pleading contributory negligence on the part of Mr. Goodrum for stopping his vehicle in the traveled portion of the highway in violation of the Louisiana Highway Regulatory Statute.
It was stipulated that, should the court find any liability existed on the part of defendants, James E. Goodrum and his insurer, the total award to the Rosson plaintiffs should be $21,234.50.
The cases were consolidated for the purpose of trial and, after a trial on the merits, the district court rendered judgment rejecting the demands of the Rosson plaintiffs against Mr. Goodrum and State Farm Mutual Insurance Company in Suit No. 11,143, and awarded judgment in favor of plaintiff, James E. Goodrum, in the sum of $222.16, and plaintiff, State Farm Mutual Insurance Company for $1,243.51, as against Continental Southern Lines, Inc. in Suit No. 11,144.
In his written reasons for judgment, the district judge found that the driver of the bus noticed Goodrum’s tail-light and signals some 400 feet ahead, which, in the court’s opinion, afforded ample time for him to stop. He also found that Goodrum had made a normal stop as opposed to a sudden or precipitant stop. The district court was therefore of the opinion that the sole cause of the accident w.as the negligence of the bus driver and no negligence was attributed to Mr. Goodrum.
The Rosson plaintiffs in Suit No. 11,143, and the defendant, Continental Southern Lines, Inc., in Suit No. 11,144, have prosecuted this appeal, assigning as error the finding of the trial judge that Mr. Goodrum was guilty of no negligence which was a proximate cause of this .accident.
Most of the factual issues were undisputed and were stipulated by the parties. There are photographs in evidence disclosing the highway at the scene of the accident to be straight and level for some distance. On this date the weather was clear and dry. The width of the paved portion of Highway 80 was proven to be 23 feet and 9 inches. The width of the south shoulder was established at 6 feet at the place of the collision. The displaced cone was apparently undisturbed after the accident and, according to the testimony of Lieutenant Martin of the State Police, this cone was lying four and a half feet from the south edge of the pavement in the eastbound lane. It was *804 further established that the white line had been painted and cones placed for a considerable distance west of the scene of the accident.
Mr. Goodrum testified that he saw the displaced cone when he was 300 to 400 feet from the location in his lane of traffic. He further testified that he immediately slowed his speed to approximately 45 miles per hour and brought his vehicle to a gradual stop. He admitted that he did not look to his rear to determine if any traffic was following.
The driver of the bus, Mr. John R. Beebe, testified that he was 400 to 500 feet behind the Goodrum vehicle when he saw its brake lights, but because of a defect in 'his brakes he was unable to stop prior to striking the Goodrum automobile. His speed was estimated at 60 miles per hour.
The negligence of the driver of the bus having been conceded, the sole issue before this court is whether the district court was correct in absolving Mr. Goodrum of any negligence which contributed to the cause of this accident.
The district judge concluded that the evidence was not sufficient to prove that Mr. Goodrum made a sudden stop and that the mere stopping of his automobile in the traveled portion of the highway, even if a violation of the Highway Regulatory Statute, was not a contributing cause of this accident.
The appellants herein contend that Mr. Goodrum’s parking of his vehicle in the traveled portion of this busy highway was unnecessary and unjustified and was a direct violation of LRS-R.S. 32:141 (A). Appellants further contend that the violation of this statute is negligence per se and was the direct and proximate cause of this accident. They rely on the principles set forth in the case of Dixie Drive It Yourself System New Orleans Co. v. American Beverage Co., 242 La. 471, 137 So.2d 298 (1962), and the subsequent case of Vidrine v. General Fire & Casualty Co., La.App., 168 So. 2d 449 (3rd Cir., 1964).
Appellees deny that Mr. Goodrum has violated the Regulatory Statute as they contend that it was proper for Mr. Goodrum to stop his vehicle in the lane of the highway because of the rubber cone lying in his path. It is urged that it was not practicable for Mr. Goodrum to have done otherwise. They rely on the cases of Howell v. Kansas City Southern Transport Co., La.App., 66 So.2d 646 (2nd Cir., 1953); August v. Delta Fire & Casualty, La.App., 79 So.2d 114 (1st Cir., 1955), and Foreman v. American Automobile Insurance Co., La.App., 137 So.2d 728 (3rd Cir., 1962).
LSA-R.S. 32:141 (A) provides as follows :
“Upon any highway outside of a business or residence district, no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or main traveled part of the highway when it is practicable to stop, park or so leave such vehicle off such part of said highway, but in every event an unobstructed width of the highway opposite a standing vehicle shall be left for the free passage of other vehicles * * * »
We are of the opinion that the evidence in this case discloses that Mr. Goodrum had ample room to have pulled his vehicle partially onto the shoulder of the road to enable him to safely pass the displaced cone. Furthermore, should he have desired to stop and remove the cone from the highway, as a good Samaritan, there was ample room on the shoulder for him to have parked his vehicle completely off of the highway in a place of safety. One of the exhibits filed in evidence is a photograph showing an automobile parked on the south shoulder of the highway at the scene of the collision. This exhibit proves beyond doubt the adequacy of the shoulder for this purpose. We bélieve that it would have been practicable for Mr. Goodrum to have *805 stopped his vehicle completely off the highway. Mr. Goodrum, by his own testimony, had ample time to deliberate on his course of action after sighting the cone and before reaching its actual location. We believe that the cases cited by appellants are more applicable to the instant situation than those cited by appellees. In the cases cited by appellees the driver of the parked or stopped vehicle in each instance had no alternative. In the case of Dixie Drive It Yourself System New Orleans Co. v. American Beverage Co., supra, the Supreme Court of this State considered the dangers of blocking this highway of commerce in the following language:
“Negligent conduct is a cause-in-fact of harm to another if it was a substantial factor in bringing about that harm. Under the circumstances of this case, the negligent conduct is undoubtedly a substantial factor in bringing about the collision if the collision would not have occurred without it. A cause-in-fact is a necessary antecedent.” 137 So.2d page 302.
í¡: j{c 5j< ‡ }j<
“The obstruction of a main artery of traffic without statutory precautions is fraught with danger to motorists. The traffic congestion and advancing speed of recent years have added to that danger.” 137 So.2d page 307.
We believe that the conduct of Mr. Goodrum, in stopping his vehicle in the traveled lane of a busy highway such as U.S. Highway 80, was an act of negligence and that it would be reasonable to foresee that this action could set forth a chain of events which would result in a collision. We, therefore, conclude that the district court was in error in exonerating Mr. Goodrum from any negligence which contributed to the cause of this accident.
For the foregoing reasons the judgments appealed from are hereby reversed, and in Suit No. 11,143, it is hereby ordered, adjudged and decreed that there be judgment herein in favor of the plaintiffs and against the defendants, James E. Goodrum and State Farm Mutual Automobile Insurance Company, in solido, for the following amounts, to-wit:
To Plaintiff, Juanita H. Rosson, Individually and as Administratrix of the Estates of Claude Rosson and Dollie Lynn Rosson, in the sum of Fifteen Thousand Two Hundred Thirty-four and 50/100 ($15,234.50) Dollars;
To Plaintiff Juanita H. Rosson as Guardian of Lana Claudette Rosson, in the sum of Five Thousand and No/100 ($5,000.00) Dollars;
To the Plaintiff, Roger Lee Rosson, the sum of Five Hundred and No/100 ($500.-00) Dollars; and
To the Plaintiff, Charles Ray Rosson, the sum of Five Hundred and No/100 ($500.00) Dollars.
It is further ordered that this judgment bear interest for the legal rate from date of judicial demand until paid, and that defendants-appellees pay all costs of this proceeding.
In Suit No. 11,144, it is ordered, adjudged and decreed that there be judgment in favor of defendant, Continental Southern Lines, Inc., and against the plaintiffs, James E. Goodrum and State Farm Mutual Automobile Insurance Company, rejecting their demands at their cost.